IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlie G. Butts, | ) C/A No.: 8:11-00985-JFA-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| State of South Carolina, | ) **RECOMMENDATION** |
| Defendant. | ) |

The Plaintiff, Carlie G. Butts, ("Plaintiff"), proceeding *pro se*, brings this action against the State of South Carolina, seeking reversal of a state criminal conviction. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The Complaint alleges that, on September 7, 1995, Plaintiff was "sentenced to ten years in prison, suspended to five years probation, without anyone to represent [him] during a critical stage, or to advise [Plaintiff] of [his] legal rights." (Compl., ECF No. 1 at 3.) Plaintiff states that he "had been accused of a sex-crime by a child" and was offered a plea bargain by the prosecuting attorney. (Id.) Plaintiff alleges that the plea bargain "proposed by the prosecutor" stipulated that Plaintiff's "record would be cleared at the end of [his] probationary sentence, and it would be as though [he] had never even been accused of a sex-crime." (Id.) Thus, Plaintiff "decided to serve probation, rather than go to prison for ten years for something that [he] did not do." (Id.)

PJG

Three years after the completion of Plaintiff's probationary sentence, he "discovered the falsity of the prosecutor's promise [and] learned that [he] was still listed as a sex offender." (Id. at 4.) "[A]s soon as possible thereafter," Plaintiff filed an application for post-conviction relief (PCR). (Id.) An attorney, Michael S. Medlock, was appointed to represent Plaintiff in the PCR action. (Id.) However, Plaintiff believes Mr. Medlock provided "incompetent legal" assistance by failing to present all of Plaintiff's evidence of prosecutorial misconduct to the court. (Id. at 5.) Plaintiff's PCR application was subsequently dismissed "for lack of evidence." (Id.) Plaintiff indicates that Mr. Medlock "failed to appeal the Order of Dismissal, and he misled me by falsely claiming that he had someone else to appeal." (Id.) Plaintiff states that Mr. Medlock's "false statements . . . kept [Plaintiff] from appealing the order, *pro se*." (Id.) Plaintiff sought help from the Edgefield County Clerk of Court and learned, on March 30, 2011, that his South Carolina Supreme Court case was closed. (Id. at 6.)

Plaintiff seeks reversal of his state court conviction, or that "competent counsel" be "appointed to represent [him] in appeal to the S.C. Supreme Court Order of dismissal." (Id. at 7.) Plaintiff also believes "that both the prosecuting attorney and [Plaintiff's] court-appointed attorney should be strongly reprimanded for the shameful way they conducted themselves as sworn officers of the court." (Id.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,



404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, the sole defendant in this action is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from



rendering a judgment against an unconsenting state in favor of a citizen of that state. Edelman v. Jordan, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in Hans v. Louisiana, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); see also Alabama v. Pugh, 438 U. S. 781 (1978). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). As the State of South Carolina is protected from suit by Eleventh Amendment immunity, the Complaint should be summarily dismissed.[1]

Moreover, Plaintiff cannot obtain through this action reversal of his state criminal conviction or appointment of an attorney to appeal the South Carolina Supreme Court's Order of Dismissal.[2] Specifically Plaintiff complains that, as a result of his conviction, he

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984). However, the State of South Carolina has not consented to such actions. See S.C. Code Ann. § 15-78-20(e).

[2] It is noted that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff's previous habeas corpus petition regarding this conviction was dismissed. See Butts v. State of South Carolina, Civil Action No. 9:07-03434-JFA (D.S.C. filed Oct. 18, 2007).



must register as a sex offender. (ECF No. 1 at 4.) Plaintiff alleges that being listed on the sex offender registry causes him to suffer "shame and disgrace." (Id. at 6.)

This court is without jurisdiction to consider via a § 1983 action an appeal from a state court decision. See 28 U.S.C. § 1257; see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine. See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) (confining Rooker-Feldman doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision); Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir. 2006). The Rooker-Feldman Doctrine is jurisdictional, therefore, it may be raised by the court *sua sponte*. Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). Further, the Rooker-Feldman doctrine applies even if the state court litigation has not reached a state's highest court. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn.3-4 (9th Cir. 1986); see also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir. 1986).

The instant § 1983 Complaint alleges that Plaintiff has been negatively impacted by a state court conviction. A ruling in Plaintiff's favor would require this court to overrule (or otherwise find invalid) various orders and rulings made in a state court. Under the Rooker-Feldman doctrine, this court lacks jurisdiction outside the habeas context to review the



judicial decisions rendered in Plaintiff's state court action and grant Plaintiff the relief he seeks. Therefore, Plaintiff's Complaint is subject to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 8, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).