**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Carlie G. Butts,                              ) | C/A No.: 8:11-cv-985-JFA |
|                                                      ) | |
|             Plaintiff,        ) | |
|                                                      ) | |
| v.                                                ) | **ORDER** |
|                                                      ) | |
| State of South Carolina,                   ) | |
|                                                      ) | |
|            Defendant.    ) | |
| _____) | |

      This matter is before the Court upon Plaintiff Carlie Butts' ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this Court summarily dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff, appearing pro se, brings this action against the State of South Carolina, seeking a reversal of a state criminal conviction or, in the alternative, the appointment of counsel to help him appeal the denial of his state post-conviction relief. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

      In his complaint, Plaintiff alleges that on September 7, 1995, he was denied legal counsel in a criminal case against him involving a charge of a lewd act on a minor. He claims that the solicitor in the case informed him that if he pled guilty to the charge, he would avoid serving a ten-year prison sentence and, instead, would serve a five-year probation. Plaintiff alleges that the prosecutor also informed him that if he pled guilty his criminal record would be cleared as though he had never been accused of a sex-crime. After allegedly being denied the assistance of legal counsel, Plaintiff pled

guilty and served his probation in order to avoid going to jail. Three years after his probation was completed, he discovered that he was listed as a sex offender. Plaintiff filed an application for post-conviction relief, and although he was represented by counsel at these proceedings, his application was denied. Plaintiff claims that his post-conviction relief counsel informed him that he was unable to file an appeal of the dismissal, but that he would have someone else take care of it. Plaintiff later learned that an appeal of the dismissal of his application for post-conviction relief was never filed and that the Supreme Court considered his case closed. Plaintiff now seeks redress in this court, asking the court to (1) reverse his state criminal conviction for the State's failure to provide him with legal counsel during a critical stage of a criminal proceeding; (2) appoint him counsel to represent him in an appeal to the South Carolina Supreme Court; and (3) to reprimand the prosecutor and his attorney from his post-conviction relief proceedings for the shameful way he believes they conducted themselves.

## **STANDARD OF REVIEW**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has held that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's complaint and recommends that the court summarily dismiss his complaint on two grounds. First, she concluded that Plaintiff's complaint must be dismissed because the State of South Carolina, the only named defendant in this case, is protected from suit by Eleventh Amendment immunity. Secondly, the Magistrate Judge concluded that a suit pursuant to section 42 U.S.C. § 1983 is not the proper method to challenge a state criminal conviction. Rather, the proper method to challenge a state criminal

conviction is through a petition of habeas corpus, which Plaintiff previously filed with this court in 2007. *See Butts v. State of South Carolina*, Civil Action No. 9:07-3434-JFA (summarily dismissing Plaintiff's petition without issuance and service of process).

In his objections, Plaintiff expresses his belief that the Magistrate Judge failed to accurately interpret the purpose of his complaint, which he explains is to challenge the fact that he was deprived the right to counsel and a fair trial before pleading guilty to criminal charges. Because the United States Supreme Court has held that the denial of counsel during critical stages of a criminal prosecution renders a conviction unconstitutional, Plaintiff asks this court to review the record of his criminal proceedings, find that his conviction is unconstitutional, and vacate his conviction. Finally, he emphasizes the fact that he does not seek compensation in his suit, but only the reversal of his conviction and the right to be represented by counsel.

Because Plaintiff does not dispute the fact that the State of South Carolina is entitled to Eleventh Amendment immunity from his suit, the court adopts the Magistrate Judge's recommendation to dismiss the Plaintiff's complaint on this basis. Also, as the Magistrate Judge noted, a civil suit pursuant to 42 U.S.C. § 1983 is not the proper way for a displeased criminal defendant to challenge the fairness of his state criminal proceedings. Rather, he must file a petition for habeas corpus pursuant to 28 U.S.C. §2254, as that is the sole remedy for a prisoner who challenges the fact or duration of his confinement, which Plaintiff is well aware considering he has already filed such a petition with this court. *Brown v. Johnson*, 169 F. App'x 155, 156–57 (4th Cir. 2006) ("A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement. . . . In order to challenge the fact or duration of his confinement, a state prisoner must seek federal habeas corpus relief or the appropriate

state relief.") (citations omitted). Accordingly, the court must dismiss the Plaintiff's case, without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

July 14, 2011                                                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge